NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICOLAS GARCIA, AKA Nicolas Garcia Juarez,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No. 15-72190<br><br>Agency No. A088-720-534<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Nicolas Garcia, a native and citizen of Mexico, petitions for review of an

order by the Department of Homeland Security ("DHS") reinstating a 2009

removal order. We have jurisdiction under 8 U.S.C. § 1252. Our review of DHS'

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reinstatement order is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008). We review de novo due process claims and questions of law. *Id.* at 1136. We deny the petition for review.

DHS did not err in issuing Garcia's reinstatement order where the record shows Garcia is an alien, he was subject to a prior order of removal, and he illegally reentered the United States subsequent to that order. *See id.* at 1137 (court's jurisdiction over a reinstatement order is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally." (citation omitted)).

We are not persuaded by Garcia's contention that his reentry in May 2013 was legal, where he was prohibited from entering, attempting to enter, or being in the United States for 10 years from his 2009 removal order, and he has not demonstrated that he requested and obtained permission from the Attorney General to reapply for admission prior to his reentry, as the record shows he was warned he must do. *See Tamayo-Tamayo v. Holder*, 725 F.3d 950, 952 (9th Cir. 2013) (although procedurally regular, alien's reentry was not legal without valid documentation that permitted reentry). Accordingly, Garcia cannot demonstrate

that DHS violated due process in reinstating his 2009 removal order, notwithstanding any alleged errors in Garcia's June 22, 2015, statement, where he cannot show his reentry was legal. *See id.* at 954 (petitioner must show a due process violation and prejudice to obtain relief).

Garcia also cannot demonstrate DHS violated due process in declining to grant him a reasonable fear interview, where Garcia cannot show prejudice because he has not articulated a plausible claim for asylum and related relief. *See id.* (to show prejudice, petitioner must present a plausible scenario in which the outcome would have been different if proper process was provided).

Garcia's motion to supplement the record (Docket Entry No. 9) and motion to transmit physical and documentary exhibits (Docket Entry No. 10) are denied.

**PETITION FOR REVIEW DENIED.**

15-72190